IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ROY DECARLO,<br><br>Defendant. | CR 21-45-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.     Synopsis

Defendant Steven Roy Decarlo (Decarlo) has been accused of violating the conditions of his supervised release. (Docs. 39 and 42).  Decarlo admitted some of the alleged violations. Decarlo' supervised release should be revoked. Decarlo should be sentenced to custody for 3 months with 45 months of supervised release to follow.  During the term of his supervised release, Decarlo shall be placed in a secure in-patient substance abuse treatment facility for up to 120 days as directed by his probation officer.  Following his completion of substance abuse treatment, Decarlo shall be placed in a residential re-entry program for up to 180 days as directed by his probation officer.

## II. Status

Decarlo plead guilty on September 20, 2021, to the offense of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) as charged in Count 2 of the Indictment. (Doc.22). Decarlo was sentenced to 68 months of custody, with 4 years of supervised release to follow. (Doc. 34). Decarlo's current term of supervised release began on March 14, 2025.

**Petition**

On June 3, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Decarlo' supervised release. (Doc. 39). The Petition alleged Decarlo violated conditions of his supervised release by: (1) consuming alcohol and using methamphetamine on May 19, 2025; (2) failing to comply with substance abuse testing requirements on May 20, 2025; (3) committing another federal, state or local crime by being charged in Great Falls, Montana on May 20, 2025 with the misdemeanor offense of Operating a Vehicle without Liability Insurance - 4th or Subsequent offense, in violation of Mont. Code. Ann. § 61-6-301(1); (4) failing to reside at an approved residence on May 20, 2025; (5) using methamphetamine on May 20, 2025 and consuming alcohol on May 21, 2025; (6) committing another federal, state or local crime by being charged by the Great Falls Police Department in Cascade County, Montana on May 23, 2025 with the misdemeanor offenses of Operating a Vehicle Upon Public Highways without License Plate, in violation of

Mont. Code. Ann. § 61-3-301(a)(1), Operating with Expired Registration- Failing to Reregister, in violation of Mont. Code. Ann. § 61-3-212, and Driving on Sidewalk Prohibited, in violation of § 10.8.010 of City of Great Falls Code of Ordinances; and (7) using methamphetamine on May 23, 2025.

### Amended Petition

On June 12, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Decarlo' supervised release. (Doc. 42). The Amended Petition alleged Decarlo violated conditions of his supervised release by the added violations of: (8) using methamphetamine on June 10, 2025; and (9) consuming alcohol on June 10, 2025.

### Initial Appearance

Decarlo appeared before the Court on June 24, 2025. Decarlo was represented by counsel.  Decarlo stated that he had read the Amended Petition and that he understood the allegations against him.  Decarlo waived his right to a preliminary hearing.

### Revocation hearing

Decarlo appeared before the Court on June 24, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Decarlo admitted that he had violated the conditions of supervised release as set forth  in allegations 1, 3,

4, 5, 6, 7, 8, and 9 of the Amended Petition. Decarlo' admitted violations 1, and 3-9 are serious and warrant revocation of his supervised release.

### Sentencing hearing

Decarlo appeared before the Court on June 24, 2025. Decarlo's violations are Grade C. His criminal history category is I. Decarlo's underlying offense is a Class A felony. Decarlo could be incarcerated for up to 60 months. Decarlo could be ordered to remain on supervised release for 48 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Decarlo' supervised release should be revoked. Decarlo should be sentenced to custody for 3 months with 45 months of supervised release to follow. The Court further recommends that during the term of his supervised release, Decarlo shall be placed in an in-patient substance abuse treatment facility for up to 120 days as the direction of his probation officer. Following his completion of substance abuse treatment, Decarlo shall be placed in a residential re-entry program for up to 180 days as directed by his probation officer. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Decarlo that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Decarlo of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Decarlo that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That STEVEN ROY DECARLO has violated the conditions of his supervised release by: (1) consuming alcohol and using methamphetamine on May 19, 2025; (3) committing another federal, state or local crime by being charged in Great Falls, Montana on May 20, 2025 with the misdemeanor offense of Operating a Vehicle without Liability Insurance - 4th or Subsequent offense, in violation of Mont. Code. Ann. § 61-6-301; (4) failing to reside at an approved residence on May 20, 2025; (5) using methamphetamine on May 20, 2025 and consuming alcohol on May 21, 2025; (6) committing another federal, state or local crime by being charged by the Great Falls Police Department in Great Falls, Montana on May 23, 2025 with the misdemeanor offenses of Operating a Vehicle Upon Public Highways without License Plate, in violation of Mont. Code. Ann. § 61-3-301(a)(1), Operating with Expired Registration- Failing to Reregister, in violation of  Mont. Code. Ann. § 61-3-212 and Driving on Sidewalk Prohibited in violation of § 10.8.010 of City of Great Falls Code of Ordinances; (7) using methamphetamine on May 23, 2025; (8) using methamphetamine on June 10, 2025; and (9) consuming alcohol on June 10, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Decarlo' supervised release and sentence Decarlo to custody for 3 months with 45 months of supervised release

to follow. During the term of his supervised release, Decarlo shall be placed in a secure in-patient substance abuse treatment facility for up to 120 days as directed by his probation officer. Following his completion of substance abuse treatment, Decarlo shall be placed in a residential re-entry program for up to 180 days as directed by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of June 2025.

John Johnston
United States Magistrate Judge