# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>STEVEN ROY DECARLO,<br><br>                    Defendant. | CR-21-45-GF-BMM<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 27, 2025. (Doc. 51.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on June 24, 2025 (Doc. 48.) The United States accused Steven Decarlo (Decarlo) of violating the conditions of

his supervised by: (1) consuming alcohol and using methamphetamine on May 19, 2025; (2) failing to comply with substance abuse testing requirements on May 20, 2025; (3) committing another federal, state or local crime by being charged in Great Falls, Montana on May 20, 2025 with the misdemeanor offense of Operating a Vehicle without Liability Insurance - 4th or Subsequent offense, in violation of Mont. Code. Ann. § 61-6-301(1); (4) failing to reside at an approved residence on May 20, 2025; (5) using methamphetamine on May 20, 2025 and consuming alcohol on May 21, 2025; (6) committing another federal, state or local crime by being charged by the Great Falls Police Department in Cascade County, Montana on May 23, 2025 with the misdemeanor offenses of Operating a Vehicle Upon Public Highways without License Plate, in violation of Mont. Code. Ann. § 61-3-301(a)(1), Operating with Expired Registration- Failing to Reregister, in violation of Mont. Code. Ann. § 61-3-212, and Driving on Sidewalk Prohibited, in violation of § 10.8.010 of City of Great Falls Code of Ordinances; and (7) using methamphetamine on May 23, 2025 (8) using methamphetamine on June 10, 2025; and (9) consuming alcohol on June 10, 2025. (Docs. 39 and 42.)

At the revocation hearing, Decarlo admitted that he had violated the conditions of supervised release as set forth in allegations 1, 3, 4, 5, 6, 7, 8, and 9 of the Amended Petition.  (Doc. 46.)

Judge Johnston found that violations Decarlo admitted prove serious and warrants revocation of his supervised release and recommends a term of custody of 3 months with 45 supervised release to follow. Judge Johnstosn further recommended that during the term of his supervised release, Decarlo shall be placed in an in-patient substance abuse treatment facility for up to 120 days as the direction of his probation officer and following his completion of substance abuse treatment, Decarlo shall be placed in a residential re-entry program for up to 180 days as directed by his probation officer. (Doc. 67.)  The Court advised Decarlo of his right to appeal and to allocute before the undersigned. (Doc. 46.)

The violations prove serious and warrants revocation of Decarlo's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 51) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Steven Roy Decarlo be sentenced to 3 months custody with 45 months of supervised release to follow, during the term of his supervised release, Decarlo shall be placed in an in-patient substance abuse treatment facility for up to 120 days as the direction of his probation officer. Following completion of substance abuse treatment, Decarlo shall be placed in a residential re-entry

program for up to 180 days as directed by his probation officer.

DATED this 14th day of July 2025.

_____
Brian Morris, Chief District Judge
United States District Courts